## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| BALTIMORE AIRCOIL COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:14-cv-00002 |
| | ) | |
| SANDERSON FARMS, INC. and | ) | **Jury Trial Demanded** |
| EAGLE MOUNTAIN INTERNATIONAL | ) | |
| CHURCH INC., d/b/a KENNETH | ) | |
| COPELAND MINISTRIES | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Baltimore Aircoil Company, Inc. ("BAC") alleges as follows:

## THE PARTIES

1.      Plaintiff BAC is a Delaware corporation with its principal place of business at

7600 Dorsey Run Road, Jessup, Maryland 20794.

2.      Upon information and belief, Defendant Sanderson Farms, Inc. ("Sanderson

Farms") is a corporation organized under the laws of Mississippi with corporate headquarters

located at PO Box 988, Laurel MS 39441.

3.      Upon information and belief, Defendant Eagle Mountain International Church

Inc. d/b/a Kenneth Copeland Ministries ("Eagle Mountain") is a nonprofit corporation organized

under the laws of Texas and located at 14355 Morris Dido Rd., Newark, TX 76071.

## JURISDICTION AND VENUE

4.      This action arises under the United States Patent Laws, 35 U.S.C. § 1, et seq.

5.      The Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      The Court has personal jurisdiction over Sanderson Farms as, upon information and belief, Sanderson Farms carries on continuous, systematic, and ongoing business in Texas.

7.      The Court has personal jurisdiction over Eagle Mountain as, upon information and belief, Eagle Mountain carries on continuous, systematic, and ongoing business in Texas.

8.      Upon information and belief, venue is proper in the District Court for the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## GENERAL ALLEGATIONS

9.      Established in 1938, BAC is a worldwide manufacturer of heat transfer and ice thermal storage products.  BAC is recognized as the world's leading manufacturer of evaporative cooling, thermal storage, and heat transfer equipment.  BAC products are sold to the commercial building market as components for air conditioning systems, to the food industry for air conditioning and refrigeration applications, and to a broad range of industries for process and power installations equipment cooling.

10.     BAC holds all right, title, and interest in and to United States Patent No. 7,107,782, entitled "Evaporative Heat Exchanger and Method" ("the '782 Patent").  The '782 Patent was duly and properly issued by the United States Patent & Trademark Office on September 19, 2006.  A true copy of the '782 patent is attached hereto as Exhibit A.

## THE ACCUSED PRODUCTS

11.     On information and belief, Defendants Sanderson Farms and Eagle Mountain (collectively, "Defendants") use fluid coolers called the Marley MH Fluid Cooler ("MH Fluid Cooler") manufactured by SPX Cooling Technologies, Inc. ("SPX").

12.     BAC filed a lawsuit against SPX on July 16, 2013 in the District of Maryland, case number 1:13-cv-02053-CCB for infringement of the '782 Patent.

13.     Defendants directly infringe at least claim 22, among others, of the '782 Patent by using the MH Fluid Cooler.

## COUNT I

## INFRINGEMENT OF THE '782 PATENT

14.     The averments of paragraphs 1-13 of this complaint are incorporated by reference as though fully set forth herein.

15.     Defendants, in violation of 35 U.S.C. §271, have and continue to directly infringe at least claim 22, among others, of the '782 Patent through use of a MH Fluid Cooler without authority from BAC.

16.     Defendants have each used and continue to use at least one MH Fluid Cooler.

17.     SPX instructs and directs Defendants on the implementation and/or use of the MH Fluid Cooler by means of at least product brochures and manuals.

18.     The MH Fluid Coolers used by Defendants are especially designed for use in accordance with the method described in at least claim 22 of the '782 Patent.

19.     Defendants' use of the MH Fluid Cooler performs all of the steps of at least claim 22 of the '782 Patent.

20.     For example, the following figure from SPX's marketing materials for the MH Fluid Cooler depicts the structure and operation of the MH Fluid Cooler.



21.     The entire MH Fluid Cooler Brochure is attached hereto as Exhibit B.

22.     The MH Fluid Cooler used by Defendants is a heat exchange apparatus.

23.     The MH Fluid Cooler used by Defendants includes a direct evaporative section.

24.     The direct evaporative section of the MH Fluid Cooler used by Defendants comprises at least a plurality of fill sheets.

25.     The MH Fluid Cooler used by Defendants includes an indirect evaporative section.

26.     The indirect evaporative section of the MH Fluid Cooler used by Defendants comprises a plurality of circuits each conducting a fluid stream.

27.     On information an belief, the MH Fluid Cooler used by Defendants utilizes an evaporative liquid that is water.

28.     The MH Fluid Cooler used by Defendants sprays an evaporative liquid generally downward through the direct evaporative section.

29.      The MH Fluid Cooler used by Defendants collects the evaporative liquid that passes through the direct evaporative section in a respray tray.

30.     The MH Fluid Cooler used by Defendants sprays the evaporative liquid collected in the respray tray downwardly onto the indirect evaporative section.

31.     The MH Fluid Cooler used by Defendants moves air generally across the direct evaporative section.

32.     The MH Fluid Cooler used by Defendants moves air generally downwardly and across the indirect evaporative section.

33.     Accordingly, Defendants' use of the MH Fluid Cooler infringes at least claim 22 of the '782 Patent.

34.     Defendants' infringement, among other things, makes this case exceptional pursuant to 35 U.S.C. §285.

35.     Defendants' infringing acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to BAC for which BAC has no adequate remedy at law.  Unless preliminarily and permanently enjoined by this Court, Defendants will continue to so infringe the '782 Patent.

## PRAYER FOR RELIEF

WHEREFORE, BAC respectfully prays for the following relief:

1.     The entry of judgment that Defendants infringe the '782 Patent;

2.     The entry of an order preliminarily and permanently enjoining and restraining Defendants and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns and all those persons in active concert or participation with

them or any of them, from making, importing, using, offering for sale, selling, or causing to be sold any product falling within the scope of any claim of the '782 Patent, or otherwise infringing, or contributing to or inducing infringement of any claim of the '782 Patent.

3.      An award of damages adequate to compensate BAC for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention, together with interest and costs under 35 U.S.C. § 284;

4.      An award of pre- and post-judgment interest on the damages assessed;

5.      An order declaring this case exceptional pursuant to 35 U.S.C. § 285 and awarding BAC its reasonable attorney fees;

6.      An order accounting for damages incurred by BAC; and

7.      Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

BAC hereby demands a trial by jury.

January 3, 2014                                    Respectfully submitted,


                                                   /s/ *Jamie H. McDole*
                                                   Jamie H. McDole
                                                   LEAD ATTORNEY
                                                   Texas Bar No. 24082049
                                                   Haynes and Boone, LLP
                                                   2323 Victory Avenue, Suite 700
                                                   Dallas, Texas  75219
                                                   Phone:  214-651-5121
                                                   Fax:  214-200-0867
                                                   jamie.mcdole@haynesboone.com


                                                   *Attorney for Baltimore Aircoil Company, Inc.*