**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BALTIMORE AIRCOIL COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. CCB-14-1525 |
| v. ) | |
| ) | **Jury Trial Demanded** |
| SANDERSON FARMS, INC., et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**BALTIMORE AIRCOIL COMPANY, INC.'S
<u>MEMORANDUM IN SUPPORT OF ITS MOTION TO CONSOLIDATE CASES</u>**

**TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................................................................1

II.    APPLICABLE LAW .............................................................................................................2

III.   ARGUMENT........................................................................................................................3

        A.     The Parties Previously Agreed to Seek Consolidation. ............................................3

        B.     This Case and the *SPX* Case Involve Common Issues of Law and Fact. .................5

        C.     The Benefits of Consolidation Outweigh any Burdens. ...........................................5

IV.   CONCLUSION....................................................................................................................7

# **TABLE OF AUTHORITIES**

**CASES**

*Ajaka v. Branick Indus., Inc.*,
  Nos. 94 CIV. 0316 (DC), 94 CIV. 0137 (DC), 1996 WL 103973 at *2 (S.D.N.Y. Mar. 11, 1996) .................................................................................................................... 6

*Blagg v. Line*,
  Nos. 09-CV-0703-CVE-FHM, 09-CV-0708-CVE-FHM, 11-CV-0271-CVE-FHM, 10-CV-0502-CVE-FHM, 2012 WL 90439, at *2 (N.D. Okla. Jan. 11, 2012) ....................... 6

*Fratzke v. IC Sys., Inc.*,
  Nos. 05-1115 (JRT/RLE), 06-232 (PJS/RLE), 2007 WL 1114155, at *4 (D. Minn. Apr. 13, 2007) ...................................................................................................................... 6

*In re Lucent Techs. Inc. Sec. Litig.*,
  221 F. Supp. 2d 472, 480 (D.N.J. 2001) ............................................................... 2, 3

*Patsy's Italian Rest., Inc. v. Banas*,
  Nos. 06-CV-00729 (DLI)(RER), 06-CV-5857 (DLI)(RER), 2006 WL 3478988, at *2 (E.D.N.Y. Nov. 30, 2006) ...................................................................................... 6

*Quintel Corp., N.V. v. Citibank, N.A.*,
  100 F.R.D. 695, 697 (S.D.N.Y. 1983) ...................................................................... 2

**STATUTES**

35 U.S.C. § 299 ............................................................................................................ 2

**RULES**

Fed. R. Civ. P. 42(a). .................................................................................................. 2

**I.     INTRODUCTION**

BAC respectfully requests that the Court consolidate this case with Civil No. CCB-13-2053 (the "*SPX* Case"), now pending before this Court. Eagle Mountain Church and Sanderson Farms (collectively, the "Customer Defendants")[1] oppose BAC's Motion. Their opposition is particularly amazing because they ***previously agreed to consolidate this case with the SPX Case*** (*see, e.g.*, Dkt. No. 10 at 1) in a compromise to have this case transferred from the Eastern District of Texas. In the time since the parties agreed to transfer this case to this Court and consolidate it with the *SPX* Case, the United States Patent & Trademark Office ("USPTO") confirmed a number of claims of BAC's U.S. Patent No. 7,107,782 ("the '782 Patent") after a thorough *ex parte* reexamination initiated by SPX. Only now, after SPX's bid to invalidate the '782 Patent has failed, the Customer Defendants have reneged on their agreement, and oppose consolidation unless BAC agrees to certain preconditions.[2] These "bait and switch" tactics are disappointing—both on the merits, and with regard to the time and expense required to file the present Motion—and should not be condoned.

Regardless, this case and the *SPX* Case involve common (if not identical) questions of law and fact. The Patent-in-Suit is the same, the accused products are the same, and presumably,

---

[1] In order to distinguish them from SPX Cooling Technologies, Inc. ("SPX"), the Defendant in Civil No. CCB-13-2053, BAC will refer to the two Defendants in this case, Sanderson Farms, Inc. and Eagle Mountain International Church Inc., d/b/a Kenneth Copeland Ministries, as the "Customer Defendants."

[2] The Customer Defendants have indicated that they do not oppose consolidation if this case moves forward, but indicated that they intend to move to stay themselves from the lawsuit. However, this as-yet-unfiled, serial motion to stay is a separate motion on separate issues. The issue for this Motion is whether consolidation is appropriate. ***All parties agree that consolidation is appropriate***. BAC, however, does not agree with the Customer Defendants' preconditions (nor were they part of the agreement the parties reached to have this case transferred to this Court). Therefore, BAC presumes that the Customer Defendants oppose this Motion, but not the relief sought.

the Customer Defendants' arguments regarding alleged invalidity (to the extent they make any such arguments after the USPTO confirmed BAC's claims) and inequitable conduct are the same as SPX's. Moreover, the benefits of consolidation far outweigh any burdens—indeed, the very reason BAC agreed to transfer this case to the District of Maryland is for the efficiencies that would result from consolidation—efficiencies the Customer Defendants presumably appreciate, given that transfer and consolidation was *their idea*. Thus, BAC's Motion should be granted.

## II.     APPLICABLE LAW

Rule 42(a) of the Federal Rules of Civil Procedure provides that actions before the Court involving a common question of law or fact may be consolidated. Fed. R. Civ. P. 42(a). Because this is a case arising under the patent laws of the United States, consolidation is also governed by 35 U.S.C. § 299.

> **(a) Joinder of Accused Infringers.**— With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271 (e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—
>
> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

*Id.* § 299(a).   District courts have broad discretion to consolidate co-pending cases under Rule 42(a). *See, e.g.*, *In re Lucent Techs. Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 480 (D.N.J. 2001); *Quintel Corp., N.V. v. Citibank, N.A.*, 100 F.R.D. 695, 697 (S.D.N.Y. 1983). Generally, courts favor consolidation unless the non-movant can articulate a basis for confusion or prejudice

2

that outweighs the benefits of consolidation.  *See, e.g.*, *In re Lucent Techs.*, 221 F. Supp. 2d at 480.

## III.   ARGUMENT

### A.   The Parties Previously Agreed to Seek Consolidation.

Notwithstanding their apparent opposition now, the Customer Defendants previously agreed to seek consolidation of this case with the *SPX* Case once this case was transferred from the Eastern District of Texas.  And they agreed to do so without preconditions.  In fact, ***consolidation was their idea***.

On February 3, 2014, counsel for the Customer Defendants proposed to "transfer the Customer case [i.e., this case] to Maryland and ***consolidate it with the SPX action*** . . . ." (Ex. 1, Feb. 3, 2014 Email from Michael Anderson, counsel for Defendants, to Jamie McDole, counsel for BAC (emphasis added).)  No preconditions were attached to the Customer Defendants' agreement to consolidate.  BAC accepted that proposal on February 10, 2014.  (Ex. 2, Feb. 10, 2014 Email from Jamie McDole, counsel for BAC, to Michael Anderson, counsel for Defendants.)

> BAC will agree to have the ED Texas case transferred to, and consolidated with, the Maryland case based on your agreement that (1) Eagle Mountain Church and Sanderson Farms will consent to venue and jurisdiction in the District of Maryland and further consent to the transfer of the Texas case to Maryland; and (2) ***SPX, Eagle Mountain Church and Sanderson Farms will agree to consolidate the Texas case with the case currently pending in Maryland.***

(*Id.* (emphasis added).)  The Customer Defendants confirmed their agreement the next day, February 11, 2014, without any exceptions or preconditions:

> Eagle Mountain Church and Sanderson Farms will consent to venue and jurisdiction in Maryland for the limited purpose of the present lawsuit. ***Sanderson Farms and Eagle Mountain Church will both consent to transfer of the Texas case to Maryland and to consolidation of that case with the case against SPX***.

3

(Ex. 3, Feb. 11, 2014 Email from Michael Anderson, counsel for Defendants, to Jamie McDole, counsel for BAC (emphasis added).)  The parties then informed the Court of their agreement.  (Dkt. No. 10 at 1.)

Despite their previous agreement, however, the Customer Defendants now oppose BAC's Motion, but at the same time, agree that the cases should be consolidated if this case is not stayed.  Apparently, the Customer Defendants intend to seek another stay this case (but not the *SPX* Case) and appear to be holding this Motion hostage until they actually move the Court.  But, the Customer Defendants' tactics in this regard should not be condoned.  They agree this case should be consolidated into the *SPX* Case.  BAC accepted their offer to transfer this case to this Court and consolidate it into the *SPX* Case—an agreement made without any of the preconditions upon which the Customer Defendants now insist.  But now the Customer Defendants are reneging on their agreement by opposing BAC's Motion—a classic case of "bait and switch"—until such time as the Customer Defendants move the Court to stay their case (again) and that issue is decided.  No further delay is warranted to get this case started and proceeding through discovery.  SPX's loss at the USPTO during reexamination may explain this new tactic, but the Customer Defendants' threatened, repeat-motion practice only increases the cost of the litigation and delays efficient resolution of these issues.

Regardless, the Customer Defendants' anticipated motion to stay raises a separate issue from the one at issue in this Motion.  There is no reason to hold up BAC's Motion waiting for the Customer Defendants to file yet another motion to stay.  All parties agree that consolidation is proper in this case and the relief sought is not in dispute.  Therefore, BAC's Motion should be granted.

### B. This Case and the *SPX* Case Involve Common Issues of Law and Fact.

In the *SPX* Case, BAC alleges that SPX has infringed, and is infringing, at least claim 22 of the '782 Patent "by manufacturing, using, marketing, distributing, selling, and/or offering for sale the MH Fluid Cooler." (Civil No. CCB-13-2053, Dkt. No. 22 ¶ 10; *see also, e.g.*, *id.* ¶¶ 13, 14, 20.) In this case, BAC alleges that the Customer Defendants "use fluid coolers called the Marley MH Fluid Cooler ('MH Fluid Cooler') manufactured by SPX Cooling Technologies, Inc." (Dkt. No. 1 ¶ 11; *see also, e.g.*, *id.* ¶¶ 13, 15, 16, 18, 19, 33.) Accordingly, the same products and claims are at issue both in this case and in the *SPX* Case. The same facts will be used in both cases and the same issues will be tried in both cases. Discovery will significantly overlap between the two cases as well, given that the same exact products are at issue. Even counsel for the Customer Defendants and SPX is exactly the same, as SPX is presumably indemnifying the Customer Defendants.

Because the same products are at issue in this case and the *SPX* Case, both cases raise common issues of law and fact. For example, claim construction is an issue of law that both cases have in common. Relatedly, application of the Court's claim construction to the accused products to determine infringement is an issue of fact that both cases have in common. Furthermore, both SPX and the Customer Defendants have asserted affirmative defenses of invalidity and inequitable conduct. Indeed, with the exception of a single sentence, SPX and the Customer Defendants have pled ***identical inequitable conduct allegations***. These defenses will raise additional common questions of fact and law in the two cases. Accordingly, consolidation is proper under both Rule 42(a) of the Federal Rules of Civil Procedure and 35 U.S.C. § 299.

### C. The Benefits of Consolidation Outweigh any Burdens.

There are benefits to consolidating this case with the *SPX* Case – benefits that far outweigh any alleged burden conceived by the Customer Defendants.

*First*, there is no risk of prejudice or confusion if the cases are consolidated. In these cases, BAC is alleging direct infringement of the '782 Patent against both SPX and the Customer Defendants. While BAC is also asserting claims of indirect infringement against SPX, the Customer Defendants' direct infringement forms part of the basis for BAC's indirect infringement claims against SPX. To the extent there is any risk of confusion here (BAC does not believe there is), careful jury instructions can explain the parties' relationship to one another and alleviate any potential confusion. *See, e.g.*, *Blagg v. Line*, Nos. 09-CV-0703-CVE-FHM, 09-CV-0708-CVE-FHM, 11-CV-0271-CVE-FHM, 10-CV-0502-CVE-FHM, 2012 WL 90439, at *2 (N.D. Okla. Jan. 11, 2012); *Fratzke v. IC Sys., Inc.*, Nos. 05-1115 (JRT/RLE), 06-232 (PJS/RLE), 2007 WL 1114155, at *4 (D. Minn. Apr. 13, 2007); *Patsy's Italian Rest., Inc. v. Banas*, Nos. 06-CV-00729 (DLI)(RER), 06-CV-5857 (DLI)(RER), 2006 WL 3478988, at *2 (E.D.N.Y. Nov. 30, 2006); *Ajaka v. Branick Indus., Inc.*, Nos. 94 CIV. 0316 (DC), 94 CIV. 0137 (DC), 1996 WL 103973, at *2 (S.D.N.Y. Mar. 11, 1996).

Indeed, any risk of prejudice or confusion is outweighed by the risk of inconsistent adjudication of common factual and legal issues. As described above, the same products are at issue in both cases. If the *SPX* Case is tried separately, SPX might be found liable for indirect infringement where the underlying act of direct infringement is the Customer Defendants' use of SPX's products. Then, in a subsequent trial with the Customer Defendants, they could be found not liable for direct infringement by a different jury. Such results are inconsistent, but a possible outcome if these cases are not consolidated.

*Second*, consolidation will not burden the parties or the witnesses. Both cases are already pending in this judicial district, so any incremental burden on the parties for attending trial here are non-existent. And, to the extent third party discovery is required, BAC expects that the

6

parties will travel to third parties to obtain discovery, not vice versa.  Accordingly, consolidation will not burden the parties or the witnesses.

*Third*, consolidation will conserve judicial resources and resolve the cases in less time than if they were tried separately.  As described above, the accused products in both cases are the same.  The common issues of infringement, invalidity, and alleged inequitable conduct will all be adjudicated, and should be adjudicated consistently.  Because of the overwhelming commonality of law and fact, judicial resources will be conserved by tracking one docket, not two.  And, because the Court cannot hold two separate trials at the same time, the cases will be resolved faster if they are tried together, rather than serially.

*Finally*, consolidation will preserve the parties' financial resources because it will be less expensive to try the cases together rather than separately.  If these cases are tried separately, BAC will have to present largely the same infringement case, relying on largely the same evidence and testimony.  Similarly, it is expected that SPX and the Customer Defendants will each present largely the same defense, presumably relying on largely the same evidence and testimony.  Consolidation would preserve BAC's resources because it would only have to present its evidence one time.  Consolidation would save the Defendants' money as well because they could pool their considerable resources in presenting their defense.

## IV.     CONCLUSION

The Customer Defendants' opposition of this Motion appears to be an ill-conceived tactic to delay this case further.  Despite previously agreeing to consolidate this case with the *SPX* Case without preconditions, the Customer Defendants now oppose.  Regardless, the parties all agree that consolidation is appropriate here—the only relief sought by BAC's Motion.  Indeed, these co-pending cases involve largely common issues of fact and law, and the benefits of

consolidation far outweigh any possible prejudice. Thus, BAC respectfully requests that this Court consolidate this case with the *SPX* Case, Civil No. CCB-13-2053.

Dated: July 25, 2014

Respectfully submitted,

*/s/ Jeffrey A. Wolfson*
Jeffrey A. Wolfson
MD Bar No. 18114
HAYNES AND BOONE, LLP
800 17th Street, NW
Suite 500
Washington, DC 20006-3962
Tel.: (202) 654-4565
Fax: (202) 654-4268
jeff.wolfson@haynesboone.com

***Attorney for Plaintiff Baltimore Aircoil Company, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2014, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Jeffrey A. Wolfson*
Jeffrey A. Wolfson