IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BALTIMORE AIRCOIL COMPANY, INC., | ) |
| Plaintiff, | ) Civil No. CCB-14-1525 |
| v. | ) **Jury Trial Demanded** |
| SANDERSON FARMS, INC., et al. | ) |
| Defendants. | ) |

**DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**

Defendants Eagle Mountain International Church, Inc. ("Eagle Mountain Church") and Sanderson Farms, Inc. ("Sanderson Farms"), by and through the undersigned counsel, respond to partially oppose to Plaintiff's Motion to Consolidate the action styed *Baltimore Aircoil Co., Inc. v. SPX Cooling Tech., Inc.*, Case No. 1:13-cv-02053 ("the *SPX* case"), with the action styled *Baltimore Aircoil Co., Inc. v. Sanderson Farms, Inc. and Eagle Mountain International Church, Inc. d/b/a Kenneth Copeland Ministries*, Case No. 1:14-cv-1525, ("the *Customer* case").

**FACTUAL BACKGROUND**

Plaintiff Baltimore Aircoil Company, Inc., ("BAC") filed 2 overlapping patent infringement suits, one in this Court and another in the Eastern District of Texas, each asserting the same patent against the same SPX products. First, on July 16, 2013, BAC filed suit against SPX Cooling Technologies, Inc. ("SPX") alleging that SPX Marley MH Fluid Cooler infringed at least claim 22 of the U.S. Patent No. 7,107,782, entitled "Evaporative Heat Exchanges and Method" ("the '782 Patent"), which issued on September 19, 2006. After SPX moved to dismiss

BAC's claim for willfulness and indirect infringement, BAC filed a First Amended Complaint ("FAC") on November 1, 2013. The FAC alleged that SPX infringes at least claim 22 of the '782 patent, directly and indirectly, by making, using, offering for sale, and/or selling its Marley MH Fluid Cooler product. (*See* Dkt. No. 22 from the SPX Case, at ¶¶ 9, 10 and 13.)

On January 3, 2014, nearly six months after BAC filed the SPX lawsuit, BAC filed a lawsuit in Texas against two of SPX's customers, Sanderson Farms and Eagle Mountain Church (collectively the "Customer Defendants") that purchased the Marley MH Fluid Cooler that is accused in the SPX lawsuit. Sanderson Farms is a chicken farm and processing company. Eagle Mountain Church is a ministry. Neither is in the business of making, selling or offering for sale the accused products, and neither is accused of doing anything other than purchasing and using the accused Marley MH Coolers. (Dkt. No. 1 from the Customer Case at ¶¶ 11 ("On information and belief, Defendants Sanderson Farms and Eagle Mountain (collectively "Defendants") use fluid coolers called the Marley MH Fluid Cooler ("MH Fluid Cooler') manufactured by SPX Cooling Technologies, Inc. ("SPX')", 13, 15, 16.)

BAC was thus pursuing claims of direct infringement of the same patent by *use* of the same SPX product, the Marley MH Cooler, in two separate lawsuits in two different jurisdictions. As mere end-user customers of the Marley MH Fluid Cooler, however, Sanderson Farms and Eagle Mountain Church would have no control over the documentation relating to the Marley MH Fluid Cooler or the witnesses who are knowledgeable about its design and operation. Rather, the witnesses with knowledge of the product and the documentation concerning the design, features and operation of the accused devices are under the control of SPX. Thus, whether use of the accused products is an infringement of the '782 patent is an issue that can and should be resolved in the suit against the manufacturer, SPX.

To avoid motions practice in Texas, the Customer Defendants and BAC agreed to transfer the Customer case from Texas and to consolidate it with the SPX case. The case was transferred to this Court, but was stayed in light of the on-going reexamination proceedings. By agreement of the parties, including the Customer Defendants, and by Order of the Court, that stay has been lifted.

## DISCUSSION

Defendants do not oppose consolidation, but believe that the consolidation is unnecessary if the Customer case is stayed in accordance with the Federal Circuit's precedent, including the Federal Circuit's recent decision in *In re Nintendo of Am.*, *Inc.*, --- F.3d ---, 2014 WL 2889911, *2-3 (Fed. Cir. June 25, 2014).

Subsequent to the parties' agreement to transfer the Customer case from Texas and to consolidate it with the action against SPX, the United States Court of Appeals for the Federal Circuit issued an opinion that addressed the similar issue of duplicative patent infringement suits against a manufacturer and its customers. On June 25, 2014, in *In re Nintendo of Am. Inc.*, the Federal Circuit issued a writ of mandamus ordering the U.S. District Court for the Eastern District of Texas to sever, stay, and transfer to the Western District of Washington a suit against Nintendo from a suit against retailers, alleging that Nintendo gaming systems infringed U.S. Patent No. 6,522,309. *Id.*, 2014 WL 2889911 at *2-3. The Federal Circuit stated that:

> When a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take precedence. *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011); *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This "customer-suit" exception to the "first-to-file" rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the "true defendant" in the dispute. *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977).

> While the circumstances of this case differ from those of the customer-suit exception, we agree with the district court that the same general principles govern in that Nintendo is the true defendant.

(*Id*. at *2, copy attached as Exhibit A.) While Defendants were aware of the general principle that suits against a manufacturer take precedence over a subsequent suit against its customers set forth in the *Lear* case cited by the Federal Circuit, the *Nintendo* decision was the first decision of which SPX was aware in which the Federal Circuit addressed the propriety of proceeding against customers and the manufacturer in the *same* suit.

The Federal Circuit's decision to sever and stay the claims against Nintendo's end-user customers, even though they were brought as part of the same suit in the same jurisdiction (as opposed to separately filed lawsuits), demonstrated an expansion of the legal preference for proceeding with suits against manufacturers before proceeding with customer lawsuits. In particular, *Nintendo* demonstrated that even where a manufacturer's customers are sued in the same lawsuit, a stay of the customer suit may be a more efficient way of litigating duplicative patent infringement cases against customers, rather than simply consolidating the actions as the parties had previously contemplated. A stay allows the patentee to sue the "real defendant," the manufacturer, while avoiding imposition of the burden associated with trial on the customers.

In light of the Federal Circuit's precedent, and the recent *Nintendo* decision in particular, Defendants believe the most appropriate action is to stay the Customer suit until the suit between SPX and BAC is resolved. The case against the manufacturer is likely to resolve all or nearly all of the issues in the Customer suit. In particular, whether *use* of the accused Marley MH Cooler is an act of infringement—the main issue in the Customer case— is already at issue in the case against SPX, and will be resolved there.

Plaintiff's motion to consolidate accuses Defendants of attempting to delay the suit and to renege on a prior agreement. Neither is true. First, Defendants request to stay the Customer suit

is based on the Federal Circuit's intervening *Nintendo* decision, which issued after the parties had agreed to consolidate the case.[1] Second, Defendants will only be requesting that the case against the Customer Defendants be stayed, while the case against the manufacturer, SPX, continues. BAC will still have full opportunity to try its case against what the Federal Circuit has recognized is the "real Defendant," and to litigate the issue of whether use of the Marley MH Cooler infringes the '782 patent.

A stay of the litigation against the Customer Defendants will not impair Plaintiff's ability to try its case against SPX. Indeed, the Customer Defendants note that BAC claimed that it filed the lawsuit against the Customer Defendants because SPX denied BAC's allegations of indirect infringement:

> As a result of SPX's denials [of indirect infringement], BAC filed suit against SPX's customers in the Eastern District of Texas alleging only direct infringement (as the customers are the parties actually using the MH Coolers) to remove any issue relating to indirect infringement. In other words, BAC's Texas case is a direct consequence of SPX denying that it had knowledge of the '782 patent and other requirements of indirect infringement not related to the issue of direct infringement.

(Ex. B, e-mail from J. McDole dated Feb. 5, 2014.) BAC even stated that it would agree to the stay if SPX agreed to stipulate to "all factors of indirect infringement besides direct infringement." (Ex. C, e-mail from J. McDole dated July 23, 2014.)

These statements demonstrate that the Customer Defendants are not essential to Plaintiff's case. As noted above, the only allegation of direct infringement made against the Customer Defendants is direct infringement by *use* of the accused product, which, as noted above, is already at issue in the suit against SPX. Further, BAC will still have the opportunity to

---

[1] While Defendants explained that the *Nintendo* ruling was the basis for their stay request, BAC neglected to mention the Nintendo decision at all in its briefing.

take third party discovery from the Customer Defendants on issues related to use of the product and Plaintiff's allegations of indirect infringement even if the case is stayed.  The Customer Defendants specifically made such a proposal to BAC on August 1, 2014. (See Ex. D, e-mail from M. Anderson dated Aug. 1, 2014.)  Thus, it is not necessary for Sanderson Farms or Eagle Mountain Church to participate in the trial of this matter as parties.

Defendants' motion to stay will be filed this week, and will set forth the basis for the stay in more detail.  In the event that the Court does not stay the Customer suit, however, the Defendants do not oppose the consolidation.

Dated: August 11, 2014

Respectfully submitted,

BAKER & HOSTETLER LLP

By: /s/ *Elizabeth A. Scully*
Elizabeth A. Scully (Bar No. 27402)
**Baker & Hostetler LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 861-1698
Fax: (202) 861-1783
escully@bakerlaw.com

Of Counsel:

Kenneth J. Sheehan (800798)
(*admitted pro hac vice*)
Michael E. Anderson (Bar No. 800996)
(*admitted pro hac vice*)
**Baker & Hostetler LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 861-1500
Fax: (202) 861-1783
ksheehan@bakerlaw.com
meanderson@bakerlaw.com

*Attorneys for Defendants Eagle Mountain International Church, Inc. and Sanderson Farms, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2014, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

/s/ *Elizabeth A. Scully*
Elizabeth A. Scully