# EXHIBIT D

| | |
|---|---|
| **From:** | Anderson, Michael |
| **Sent:** | Friday, August 01, 2014 6:28 PM |
| **To:** | Karson, Michael (Michael.Karson@haynesboone.com); McDole, Jamie (Jamie.McDole@haynesboone.com) |
| **Cc:** | Sheehan, Kenneth |
| **Subject:** | Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.) |
| **Attachments:** | RE: Baltimore Aircoil Company, Inc. v. Sanderson Farms et. al., Civil Action No. 6:14-cv-000002 in E.D. Tex |

Dear Michael,

I'm not sure I understand the distinction that you are drawing about the "primary purpose." BAC has repeatedly indicated that it filed suit against the customers as a direct consequence of SPX's denial of indirect infringement. See the attached e-mail.

Regardless, as a follow up to our conversation, and in view of the Federal Circuit's strong preference for resolving suits against the manufacturer before proceeding with suits against a customer, the Customer Defendants (Eagle Mountain International Church and Sanderson Farms) propose to allow the following discovery of the Customer Defendants if BAC will agree to stay the case against these customers pending the outcome of the litigation against SPX. We believe that this discovery identified below will address BAC's concerns related to indirect infringement.

For each Customer Defendant, a deposition and document requests related to the following topics:

- The basis of customer's decision to purchase the Marley MH Cooler
- Negotiation of the sale of the accused Marley MH Cooler
- Date and terms of sale of the accused Marley MH Cooler to the customer, including the terms of the sale
- Documents received from SPX prior to the filing of the lawsuit related to the accused Marley MH Cooler or use of the Marley MH Cooler.
- The installation of and the customer's own use of the Marley MH Cooler (when and where is it used (if at all), and for what purpose)
- Instructions, guidance or manuals provided by SPX to the customer prior to the initiation of the lawsuit that are related to use of the accused Marley MH Cooler
- Communications with SPX prior to the filing of the lawsuit regarding the accused Marley MH Cooler
- Representations made by SPX prior to the filing of the lawsuit regarding the suitability or performance of the Marley MH Cooler for a particular purpose (if any)
- Documents received from SPX prior to the filing of the lawsuit related to the accused Marley MH Cooler

Defendants do not represent that documents or information related to each of these categories exists or is in the possession of Defendants. Defendants also reserve the right to assert applicable privilege (attorney client communications, work product immunity, common interest, joint defense privilege, etc.). Defendants would also reserve the right to object to any specific requests for information BAC might propound to the extent they fall outside of the topics outlined above, or are otherwise irrelevant or burdensome.

Please let us know if this proposal is acceptable, or if you would like to discuss it further. Please note that I will be traveling out of the office next week, so I would ask that you follow up with my colleague, Ken Sheehan, who is copied on this correspondence.

Best regards,

Mike Anderson

---

**From:** Karson, Michael [mailto:Michael.Karson@haynesboone.com]
**Sent:** Wednesday, July 30, 2014 12:10 PM
**To:** Anderson, Michael; McDole, Jamie
**Cc:** Sheehan, Kenneth; Scully, Elizabeth
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Mike,

Thank you for your email.

I did not state that the *primary* reason BAC sued the Customer Defendants was to obtain evidence to support BAC's case for indirect infringement. While I am not sure why BAC's rationale for suing the Customer Defendants has any relevance to the present issue, I am happy to explain it. The primary reason BAC sued the Customer Defendants is to protect and vindicate BAC's patent rights. The suit against the Customer Defendants allows BAC to present a simple case of direct infringement of BAC's method claims at trial against a user of SPX's Accused Products and ensure that BAC may recover the full measure of relief to which it is entitled. In our view, BAC's suit against the Customer Defendants is necessary because SPX denied BAC's allegations regarding SPX's indirect infringement, thereby ensuring that BAC's case against SPX would be about much more than just direct infringement.

I look forward to receiving SPX's proposal so that BAC may consider it. While I did indicate that I did not think it likely BAC would agree to SPX's proposal, your email suggests that BAC will not consider SPX's proposal in good faith. That implication is incorrect. I indicated that I did not think it likely BAC would agree to SPX's proposal because, based on your previous emails and statements during the call, I could not conceive of a proposal that SPX would agree to that would adequately address all of BAC's concerns. Nonetheless, we look forward to receiving SPX's proposal and will consider it in due course.

Best regards,
Mike

**Mike Karson**
Associate
(t) 214.651.5110

**From:** Anderson, Michael [mailto:meanderson@bakerlaw.com]
**Sent:** Tuesday, July 29, 2014 4:18 PM
**To:** Karson, Michael; McDole, Jamie
**Cc:** Sheehan, Kenneth; Scully, Elizabeth
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Mike,

I think we should clarify a few points.

You indicated that the primary reason BAC sued the Customer Defendants was to obtain evidence to support BAC's case for indirect infringement after SPX denied allegations that BAC made in the Complaint related to indirect. While SPX's

denials of BAC's allegations are well-founded, we indicated that BAC could obtain the same information it seeks to support its indirect infringement case regardless of whether the customers are a party to the suit or not. Defendants indicated we would provide you with a proposal through which the customer Defendants would agree to allow BAC to conduct some discovery of the customer Defendants, if BAC would agree to stay the case against the Customer Defendants. You indicated BAC would consider the proposal, but that you did not feel it likely that your client would agree.

With your regard to your point below about method claims, if BAC is alleging that the customers are the direct infringers, this position would necessarily be addressed in your case against SPX in district court in order to support your claims of indirect infringement against SPX. Thus, the same acts that form the basis of your accusations against the customers would be litigated in the suit against SPX.

Finally, Defendants did not discuss the inapplicability of the Nintendo case. We asked you BAC's position on Nintendo, and you indicated you felt the issues involved in the Nintendo case related primarily to motions to transfer. The Defendants did not indicate that they agreed with your interpretation, nor do they agree. As our prior correspondence indicates, and as the Nintendo case itself indicates, the Federal Circuit has repeatedly recognized that there is a strong preference for proceeding with cases against a manufacturer before proceeding with cases against customers.

Best regards,

Mike

---

**From:** Karson, Michael [mailto:Michael.Karson@haynesboone.com]
**Sent:** Tuesday, July 29, 2014 4:55 PM
**To:** Anderson, Michael; McDole, Jamie
**Cc:** Sheehan, Kenneth; Scully, Elizabeth
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Mike,

Thanks for taking a few minutes to talk today. As we discussed, the parties agree that BAC is entitled to discovery from the Customer Defendants. You indicated that SPX will prepare a proposal for BAC to consider with respect to SPX's plan to stay the Customer Defendants' case while still allowing BAC to obtain discovery from them. We look forward to receiving SPX's proposal.

We also discussed the inapplicability of cases like *In re Nintendo*. Specifically, we discussed how this case does not involve issues present in the *Nintendo* decision, including transfer (the Customer Defendants already agreed to transfer and consolidate their case) and the manufacturer suit being filed first (eliminating the need for a "customer-suit exception"). Another important distinction is the fact that the asserted claims in this case are method claims. Thus, although the same product is involved, there are actually different acts of infringement at issue here: SPX's indirect infringement, on the one hand, and the Customer Defendants' direct infringement, on the other.

Best regards,
Mike

**Mike Karson**
Associate
(t) 214.651.5110

**From:** Anderson, Michael [mailto:meanderson@bakerlaw.com]
**Sent:** Friday, July 25, 2014 12:35 PM

**To:** McDole, Jamie
**Cc:** Sheehan, Kenneth; Karson, Michael; Scully, Elizabeth
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Both of those times work for Defendants.

---

**From:** McDole, Jamie [mailto:Jamie.McDole@haynesboone.com]
**Sent:** Friday, July 25, 2014 1:23 PM
**To:** Anderson, Michael
**Cc:** Sheehan, Kenneth; Karson, Michael; Scully, Elizabeth
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Tuesday afternoon is fine by me. Does 2 pm EST work for you?

Why don't we shoot for 1 pm EST for a Rule 26 conference on the 31st. Let me know if that works.

Best regards,

Jamie McDole

---

**From:** Anderson, Michael [mailto:meanderson@bakerlaw.com]
**Sent:** Friday, July 25, 2014 12:19 PM
**To:** McDole, Jamie
**Cc:** Sheehan, Kenneth; Karson, Michael; Scully, Elizabeth
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

I will be traveling from the West Coast most of the day on Monday, but we are available Tuesday afternoon.

Thursday the 31st is fine for a conference, except between 10:30 am and 11:30 am. Please provide any proposed schedule at least a day in advance of the meeting, so that we may have a meaningful discussion.

Best regards,

Mike

---

**From:** McDole, Jamie [mailto:Jamie.McDole@haynesboone.com]
**Sent:** Friday, July 25, 2014 1:05 PM
**To:** Anderson, Michael
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Mike,

Thank you for your response. I have appointments this afternoon and cannot be available for a call. But I am happy to talk Monday.

We will file our motion for consolidation today. If you feel the need to respond, you may do so.

Please let me know when you would like to have our Rule 26 conference per the Court's recent orders. I suggest next Thursday, July 31. We will send you a proposed schedule. Per our previous briefing, we intend to seek an aggressive schedule. While I expect you will disagree, I wanted to let you know so you could draft your own proposed schedule if that is the case.

Best regards,

Jamie McDole

---

**From:** Anderson, Michael [mailto:meanderson@bakerlaw.com]
**Sent:** Friday, July 25, 2014 12:00 PM
**To:** McDole, Jamie; Karson, Michael
**Cc:** Sheehan, Kenneth; Scully, Elizabeth
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Jamie,

We do not view consolidation and stay of the customer litigation as separate issues. If the cases are consolidated, we would then need to go through the step of severing the customer case and staying it, as the Federal Circuit did in Nintendo. It make little sense to proceed to move to consolidate if the parties can agree to a stay at this point. As I suggested previously, we believe you can obtain the information you need from the customers through discovery in the SPX case, as you were clearly planning to do when you filed the cases originally. We are available to discuss these issues with you anytime this afternoon, and would suggest 1:15 pm, if you are available.

With regard to your characterization that we have not responded to your correspondence: (1) we have repeatedly responded to your e-mails demanding responses within a few hours, and (2) that your correspondence already indicated you would refuse to consider a stay unless SPX would agree to stipulate to all factors of indirect infringement besides direct infringement. SPX would not agree to these terms. Regardless, we are available to discuss the consolidation and stay issues with you this afternoon.

If you do not wish to speak further, then you can inform the Court that "Defendants do not oppose consolidation of the cases if both cases are to proceed forward, but that Defendants believe the case against the customers should be stayed pending the outcome of the case against SPX in light of the Federal Circuit's recent decision in In Re Nintendo of America, Inc., Case 2014-132, Order on Petition for Writ of Mandamus, (June 25, 2014)."

Best regards,

Mike

---

**From:** McDole, Jamie [mailto:Jamie.McDole@haynesboone.com]
**Sent:** Friday, July 25, 2014 12:26 PM
**To:** Anderson, Michael; Karson, Michael
**Cc:** Sheehan, Kenneth; Scully, Elizabeth
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Mike,

With all due respect, the issues are separate. I offered to discuss your issue with you yesterday – you did not respond or call. I again tried calling today.

Our issue is whether the cases will be consolidated. Either you consent or not. If you want to move to stay afterwards, that is your choice. But we do not intend to hold up our motion. Please let me know whether you will oppose our motion to consolidate. Again, if we cannot get a straight answer from you, we will indicate you are opposed as proceed accordingly.

Best regards,

Jamie McDole

**From:** Anderson, Michael [mailto:meanderson@bakerlaw.com]
**Sent:** Friday, July 25, 2014 11:14 AM
**To:** McDole, Jamie; Karson, Michael
**Cc:** Sheehan, Kenneth; Scully, Elizabeth
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Jamie,

Eagle Mountain Church and Sanderson Farms agree that if the case against them is not stayed, it should be consolidated with the case against SPX.

In light of the Nintendo decision decided by the Federal Circuit late last month, after the transfer of the case from Texas, we have asked you to confer as to whether a stay of the litigation against the customers is appropriate, given that there are other less burdensome means of obtaining the information you have claimed you need for your indirect infringement case.

Best regards,

Mike

---

**From:** McDole, Jamie [mailto:Jamie.McDole@haynesboone.com]
**Sent:** Friday, July 25, 2014 10:44 AM
**To:** Anderson, Michael; Karson, Michael
**Cc:** Sheehan, Kenneth; Scully, Elizabeth
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Mike,

Per the voicemail I just left you, please let me know if Eagle Mountain Church and Sanderson Farms oppose our motion to consolidate. Given that they previously agreed to consolidation, we hope that they will not renege on the agreement.

We intend to file our motion early this afternoon. If we do not hear back from you, we will assume you oppose.

Best regards,

Jamie McDole

---

**From:** Anderson, Michael [mailto:meanderson@bakerlaw.com]
**Sent:** Wednesday, July 23, 2014 2:55 PM
**To:** McDole, Jamie; Karson, Michael
**Cc:** Sheehan, Kenneth; Scully, Elizabeth
**Subject:** FW: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Jamie:

Your e-mail is not a fair characterization of our correspondence.

First, we proposed language to you for a joint/agreed motion for both the SPX and the Customer cases. To the extent it was not clear to you, none of the Defendants oppose lifting the stay that was in place pending the outcome of the reexamination. As my e-mail from yesterday indicated, however, Eagle Mountain Church and Sanderson Farms reserve the right to request that the Court stay the litigation against them while the litigation against SPX proceeds.

Second, with regard to your point that this is not a "joint motion," your colleague specifically asked if we would agree to file any of the motions as an agreed motion. We provided you with language on the motions to lift the stays that would have been acceptable to us to file as an agreed motion, thereby avoiding unnecessary briefing. It is clear, however, that BAC wishes to provide argument to the Court about the outcome of the reexamination, including characterizations that SPX believes are neither complete nor accurate. The SPX Defendants will therefore respond to your motions to flit the stay.

Finally, with regard to the consolidation, your statement that Defendants have not responded is not accurate. We proposed that the parties confer to determine whether consolidation is in fact necessary or appropriate, particularly in light of the Nintendo case that came out less than one month ago from the Federal Circuit on this very issue. We believe that there may be other measures, such as limited discovery from the customer Defendants, that can meet your stated goals without harassing SPX's customers. You have made it clear, however, that BAC intends to file its motions today. We will respond to those motions accordingly.

Best regards,

Mike Anderson

---

**From:** McDole, Jamie [mailto:Jamie.McDole@haynesboone.com]
**Sent:** Wednesday, July 23, 2014 2:18 PM
**To:** Anderson, Michael; Karson, Michael
**Cc:** Sheehan, Kenneth; Scully, Elizabeth
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Michael,

Thank you for your comments. However, this is not a joint motion – we only want to know if you oppose the relief we are seeking – to lift the stay and to consolidate the cases. We intend to file our motions today. Please let us know if you oppose or consent to the relief we are seeking. If we do not hear from you by 3 pm CDST, we will simply indicate for SPX that it does oppose the relief sought, but do not agree with the statements contained in the motion. For Eagle Mountain Church and Sanderson Farms, we will indicate that you have not indicated a position. On the motion to consolidate, given that you have not stated your client's position, we will inform the Court that you have not responded.

We do not agree to stay the lawsuit against the Eagle Mountain Church and Sanderson Farms. However, we are willing to consider stipulations similar to that we have suggested in the past whereby SPX would stipulate to all factors of indirect infringement besides direct infringement. Otherwise, we believe these parties are properly in this lawsuit.

Best regards,

Jamie McDole

---

**From:** Anderson, Michael [mailto:meanderson@bakerlaw.com]
**Sent:** Tuesday, July 22, 2014 4:42 PM
**To:** Karson, Michael
**Cc:** McDole, Jamie; Sheehan, Kenneth; Scully, Elizabeth
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Dear Michael:

SPX will not agree to the motions to lift the stay as they are currently drafted, because they contain statements and characterizations that SPX does not believe are accurate. While SPX does not oppose lifting the stay per se, SPX would be forced to respond to the motion as it is currently drafted.

We believe, however, that the parties should be able to agree upon a simple statement that conveys the necessary facts to the Court while avoiding unnecessary motions practice. We believe the following text would serve this purpose:

On April 17, 2014, this Court stayed this case pending *ex parte* reexamination of U.S. Patent No. 7,107,782 ("the '782 Patent"). (Dkt. No. 40 at 1.) On July 14, 2014, the United States Patent and Trademark Office issued a Notice of Intent to Issue a Reexamination Certificate ("NIRC") in that reexamination proceeding, finding that each of the claims subject to reexamination, claims 16-26, is not invalid over the prior art cited during the reexamination. (Ex. 1, July 14, 2014 NIRC, Appl. No. 90/013,042.) "A NIRC informs the patent owner and any third party requester that the reexamination prosecution has been terminated." Manual of Patent Examining Procedure § 2287. As a result, the reexamination filed by Defendant SPX Cooling Technologies, Inc. ("SPX") has now concluded, and a Reexamination Certificate will issue in approximately four to six weeks.

Because the *ex parte* reexamination of the '782 Patent has terminated, and a Reexamination Certificate will issue in due course, the parties respectfully requests that the Court lift the stays entered in this case.[1]

For the foregoing reasons, the parties respectfully requests that this Court lift the stay entered in this case and further Order the parties to conduct their Rule 26(f) conference on or before August 1, 2014.

With regard to the same motion to lift the stay in the Eagle Mountain/Sanderson Farms case, SPX would want to include a footnote that Defendants reserves its right to ask the Court to stay the litigation against SPX's customers until completion of the litigation against SPX. As you may be aware, the Federal Circuit recently decided a case involving co-pending manufacturer and customer suits. In *In re Nintendo*, dated June 25, 2014, the Federal Circuit ordered a Texas Court to sever and transfer claims against a manufacturer from claims made against customers in the same suit, and to stay the claims against the customer while the case against the manufacturer proceeded. In light of this recent case, we'd propose that we confer to determine whether the parties can reach an agreement to stay the customer suit claims without engaging in motions practice.

Best regards,

Mike Anderson

---

**From:** Karson, Michael [mailto:Michael.Karson@haynesboone.com]
**Sent:** Tuesday, July 22, 2014 10:22 AM
**To:** Anderson, Michael
**Cc:** McDole, Jamie; Sheehan, Kenneth; Scully, Elizabeth; Nguyen, Phong
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Dear Mike,

As you requested, please find drafts of BAC's Motions to Lift the Stays and corresponding Memoranda in support attached. Please let us know if we may file the motions as unopposed or agreed and, if so, please provide your current signature block information.

Please also let us know if your clients oppose BAC's proposed motion to consolidate. We expect that consolidation should not be a contentious issue because the parties previously agreed to this formality when BAC agreed to transfer the Eastern District of Texas case to the District of Maryland. *See, e.g.*, Joint Mot. To Transfer Action to the District of

Maryland, at 1, *Balt. Aircoil Co., Inc. v. Sanderson Farms, Inc., et al.*, No. 6:14-cv-00002 (E.D. Tex. Feb. 14, 2014), ECF No. 10 ("The
Parties will seek to consolidate this Action with the *SPX* case.").

Best regards,
Mike

**Mike Karson**
Associate
(t) 214.651.5110

**From:** Anderson, Michael [mailto:meanderson@bakerlaw.com]
**Sent:** Friday, July 18, 2014 12:58 PM
**To:** Karson, Michael
**Cc:** McDole, Jamie; Sheehan, Kenneth; Scully, Elizabeth
**Subject:** RE: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Dear Mike:

SPX will not oppose lifting the stay, but would like to see the motion before it is filed to determine whether it is appropriately filed as an unopposed motion, or if it will require a response from the Defendants.

We would suggest that the motion provide that the parties will meet to discuss scheduling of the case and submit a proposed scheduling order no later than August 1, 2014 or some other mutually agreeable date. Assuming that the Court is amenable, we would also suggest asking for an early Markman hearing.

We will consult with our clients regarding your proposed motion to consolidate and get back to you.

Also, please note that Andres Arrubla is no longer with our firm.

Best regards,

Mike Anderson


**From:** Karson, Michael [mailto:Michael.Karson@haynesboone.com]
**Sent:** Thursday, July 17, 2014 4:39 PM
**To:** Anderson, Michael
**Cc:** McDole, Jamie
**Subject:** FW: Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Dear Mr. Anderson,

Please see the correspondence below. It appears that I used a version of your email address that had a typo in it, because I received a delivery failure notification.

Best regards,
Mike

**Mike Karson**
Associate
(t) 214.651.5110

**From:** Karson, Michael
**Sent:** Thursday, July 17, 2014 3:12 PM
**To:** 'escully@bakerlaw.com'; 'ksheehan@bakerlaw.com'; 'aarrubla@bakerlaw.com'; 'manderson@bakerlaw.com';

'pnguyen@bakerlaw.com'
**Cc:** McDole, Jamie
**Subject:** Balt. Aircoil Co. v. SPX Cooling Techs., Inc., et al., Nos. 1:13-cv-02053-CCB, 1:14-cv-01525-CCB (D. Md.)

Dear Counsel,

Earlier this week, the United States Patent & Trademark Office issued a Notice of Intent to Issue an *Ex Parte* Reexamination Certificate in Control No. 90/013,042, confirming claims 16-26 of U.S. Patent No. 7,107,782. Accordingly, BAC intends to file motions with the Court requesting that the stays in these cases be lifted, and that Civil Action No. 1:14-cv-01525 be consolidated into Civil Action No. 1:13-cv-02053.

Please let us know if your clients oppose these motions. If we do not hear back from you by Monday, July 21, 2014, we will assume that your clients oppose the motions.

Best regards,
Mike

# haynes*boone*

**Mike Karson**
Associate
michael.karson@haynesboone.com

**Haynes and Boone, LLP**
2323 Victory Avenue
Suite 700
Dallas, TX 75219-7673

(t) 214.651.5110
(f) 214.200.0707

vCard | Bio | Website

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.