**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BALTIMORE AIRCOIL COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. CCB-14-1525 |
| v. ) | |
| ) | **Jury Trial Demanded** |
| SANDERSON FARMS, INC., et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**BALTIMORE AIRCOIL COMPANY, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO CONSOLIDATE**

For weeks (and even prior to BAC's filing of the present motion), Defendants have claimed that they intended to move to stay this case as related to Eagle Mountain International Church ("Eagle Mountain") and Sanderson Farms (collectively, the "Customer Defendants"). Despite the passage of several weeks now, however, the Customer Defendants have not yet filed such a motion. Nonetheless, they still seek to delay resolution of BAC's Motion to Consolidate. In fact, the Customer Defendants spend the greater part of six pages in "opposition" to BAC's Motion to Consolidate, arguing about the merits of a motion to stay that they have yet to file. But in reality, the Customer Defendants readily concede that consolidation is appropriate here. (Dkt. No. 37 at 3 ("Defendants do not oppose consolidation . . . .").) There is no reason to delay resolution of BAC's Motion to Consolidate in order to accommodate the Customer Defendants' long-running delay in seeking a stay from this Court. All parties agree that consolidation is appropriate—no further time or money should be spent arguing about this issue. Indeed, the Customer Defendants previously agreed to consolidate this case into BAC's case against SPX, now pending in this Court (Case No. 13-2053) in exchange for BAC's agreement to transfer this case to the District of Maryland.

Regardless, the Customer Defendants' allegedly forthcoming motion to stay lacks merit. While BAC will respond to the Customer Defendants' motion to stay if and when they eventually file it, numerous factors weigh against staying the case against the Customer Defendants. First and foremost, as explained above, BAC agreed to transfer this case from the Eastern District of Texas to this District on condition that the Customer Defendants agreed to consolidate this case with BAC's pending case against SPX. In fact, the parties' agreement in this regard was ***Defendants' proposal*** based on the efficiencies that would be achieved by litigating the cases together. But now that the case has been transferred to this District, the

1

Customer Defendants seek to renege on their end of the bargain. Their previous agreement—in and of itself—is a strong basis on which to deny the Customer Defendants' yet-to-be-filed motion to stay. And regardless, the efficiencies that Defendants touted in support of their proposal to transfer and consolidate in the first place still exist—Defendants do not deny this fact.

Moreover, the patent claims at issue in this case are process claims, and thus, only the *use* of such processes *directly infringes* BAC's Patent. Therefore, it is the person or customer that uses the accused Marley MH Fluid Cooler that is a direct infringer of BAC's Patent. In contrast, BAC's claims against SPX Cooling Technologies, Inc. (the manufacturer that sold the Marley MH Fluid Cooler to the Customer Defendants) are much different and focus on SPX's *indirect infringement* of BAC's Patent as well as SPX's own use of BAC's patented processes during testing of the Marley MH Fluid Coolers. Accordingly, BAC's claims against SPX are far more extensive and require different proof than its claims against the Customer Defendants. In short, the claims against SPX, on the one hand, and the Customer Defendants, on the other, are not co-extensive—while they involve the same product, they require very different proofs. In an effort to compromise, BAC offered a stipulation to SPX such that BAC's claims against SPX would become co-extensive with BAC's claims against the Customer Defendants, allowing the parties could focus on the issue of direct infringement only, but SPX and the Customer Defendants refused.

Finally, the parties are in agreement that discovery from the Customer Defendants will be necessary in this litigation *even if this Court stays this case*. In order to prevail on its indirect infringement claims against SPX, BAC will have to demonstrate that SPX's customers use the Marley MH Fluid Coolers. All of the parties recognize that such evidence will require discovery

2

from the Customer Defendants. There is no reason to overcomplicate the present case by staying the case against the Customer Defendants and then requiring BAC to use third-party discovery methods to obtain highly relevant information that everyone agrees BAC is entitled to. The better course would be to simply proceed with the Customer Defendants as parties to this case. Certainly, there are no fewer burdens on the Customer Defendants whether this case is stayed or not.

There are numerous other reasons that the case against Eagle Mountain and Sanderson Farms should not be stayed which will be explained in detail in opposition to the Customer Defendants' motion to stay this case for a second time, should they ever actually file one. But the issue for the present Motion is whether this case should be consolidated with the case against SPX. All parties agree that the relief BAC seeks is appropriate, and thus, BAC's Motion to Consolidate should be granted.

Dated: August 13, 2014 Respectfully submitted,

/s/ Jeffrey A. Wolfson
Jeffrey A. Wolfson
MD Bar No. 18114
HAYNES AND BOONE, LLP
800 17th Street, NW
Suite 500
Washington, DC 20006-3962
Tel.: (202) 654-4565
Fax: (202) 654-4268
jeff.wolfson@haynesboone.com

***Attorney for Plaintiff Baltimore Aircoil Company, Inc.***

OF COUNSEL:

Jamie H. McDole
Michael D. Karson
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel.: (214) 651-5000
Fax: (214) 651-5940
jamie.mcdole@haynesboone.com
michael.karson@haynesboone.com

***Attorneys for Plaintiff Baltimore Aircoil Company, Inc.***

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2014, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Jeffrey A. Wolfson*
Jeffrey A. Wolfson
